```
                   IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF TEXAS
                             HOUSTON DIVISION

TEST MASTERS EDUCATIONAL         §
SERVICES, INC.,                  §
                                 §
           Plaintiffs,           §
                                 §
                                 §   CIVIL ACTION NO. H-06-0469
v.                               §
                                 §
SCOTTSDALE INSURANCE COMPANY,    §
FRED RHODES & CO.,               §
JOHN MURPHY, and                 §
MYRON F. STEVES & CO.,           §
                                 §
           Defendants.           §
```

MEMORANDUM AND ORDER

Pending are Plaintiff's Motion to Remand (Document No. 13) and Defendant Scottsdale Insurance Company's Motion to Strike Affidavit (Document No. 16). After having carefully considered the motions, responses, reply, and the applicable law, the Court concludes as follows.

I. Background

Plaintiff, a citizen of Texas, asserts various state law claims based on the allegation that Defendants misrepresented that an insurance policy, which Defendants sold to Plaintiff, would provide a defense for certain litigation, which defense was then not provided. Defendant Scottsdale Insurance Company ("Scottsdale") removed the case to federal court, contending that its non-diverse insurance agencies and agent, Defendants Fred Rhodes & Co.

("Rhodes"), Myron F. Steves & Co. ("Steves"), and John Murphy ("Murphy")(collectively, the "Agency Defendants"), were improperly joined and that their citizenship should therefore be disregarded for diversity purposes.  *See* Document No. 1 ¶ 9.  Plaintiff moves to remand, arguing that (1) a possibility of recovery against the Agency Defendants exists--thereby making improper joinder inapplicable and complete diversity lacking; and (2) the removal was procedurally defective because (a) it was not timely filed, and (b) it lacked the requisite consent of all Defendants.

## II.  Standard of Review

A defendant may remove to federal court a civil action over which the federal court has diversity jurisdiction.  28 U.S.C. § 1441(b).  When removal is based on allegations of improper or fraudulent joinder, the removing party has the heavy burden of proving improper joinder.  *See* Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002).  To establish improper joinder, the removing party must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003).  Under the second prong, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict that the plaintiff might be able to

2

recover against the in-state defendant.  *See* Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 1825 (2005).  In making this determination, a court may proceed in one of two ways:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.  That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. . . . [W]e caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.

Id. at 573-74.  If, after examining the pleadings, the court determines that it is appropriate to pierce the pleadings and conduct a summary inquiry, limited discovery into jurisdictional facts might be appropriate.  Id. at 574.  Even under the summary inquiry, however, the court must resolve all factual disputes and ambiguities in state law in favor of the plaintiff, taking into account the status of discovery and what opportunity the plaintiff has had to develop his or her claims against the non-diverse defendant.  *See* McKee v. Kansas City S. Ry. Co., 358 F.3d 329, 334 (5th Cir. 2004).  If the record reveals a reasonable basis of recovery on one cause of action, the court must remand the entire

3

suit to state court.  Rubin v. Daimlerchrysler Corp., No. Civ.A. H044021, 2005 WL 1214605, at *2 (S.D. Tex. May 20, 2005) (Rosenthal, J.).

### III.  Discussion

A.  Motion to Strike

Scottsdale initially moves to strike the affidavit of Plaintiff's President Vivek Israni ("Israni"), which is attached to Plaintiff's Motion to Remand, *see* Document No. 13 ex. A, on grounds that (1) the affidavit contains new allegations in support of the fraud claim that were not contained in the original petition, and (2) the affidavit, which is offered to *support* Plaintiff's arguments for remand, does not meet the limited purpose of piercing the pleadings to identify facts that *preclude* a plaintiff's recovery. Plaintiff responds that the affidavit may be considered, as it merely clarifies and amplifies the original petition's allegations and adds no new causes of action.

In determining whether a plaintiff has a reasonable basis for recovery on at least one claim under state law, a court may "consider the affidavit testimony submitted by Plaintiffs in support of their Motion to Remand so long as the testimony merely clarifies or amplifies claims actually alleged in the original petition and does not add new claims."  *See* Flanders v. Fortis Ins. Co., No. SA-05-CA-0726-RF, 2005 WL 3068779, at *3 (W.D. Tex. Nov. 14, 2005)

(Furgeson, J.).  *See also* Castellanos v. Bridgestone Corp., 215 F. Supp. 2d 862, 865 (S.D. Tex. 2002) (Kazen, C.J.) ("The Court can consider post-removal evidence in determining whether removal was proper, 'but only to the extent that the factual allegations in [the] affidavit clarify or amplify the claims actually alleged' in the pleadings at the time of removal.") (quoting Griggs v. State Farm Lloyds, 181 F.3d 864, 700 (5th Cir. 1999)); Saile v. Am. Home Products Corp., No. Civ.A. C-03-336, 2005 WL 1924366, at *3 n.3 (S.D. Tex. Aug. 11, 2005) (same); Sohmer v. Am. Med. Sec., Inc., No.Civ.A. 3:02-CV-1680, 2002 WL 31323763, at *2 (N.D. Tex. Oct. 15, 2002) (same).

Plaintiff's Original Petition alleges, among other things, that Plaintiff met with Defendants, who learned of Plaintiff's concern that there would be a recurrence of litigation for which his expiring insurance policy had provided a defense; that Plaintiff wanted to ensure that his new insurance would provide a defense in the event the previous litigation did recur; that Plaintiff plainly wanted a policy that would provide a defense in litigation involving the same or similar claims to the concluded lawsuit; that Defendants gave to Plaintiff repeated assurances that the policy they offered to sell to Plaintiff would provide a defense for the litigation about which Plaintiff had expressed concerns, and that Plaintiff would not have to pay for the costs of its own defense if litigation were brought; that Plaintiff was induced to purchase the insurance

policy based on Defendants' misrepresentations about the defense and coverage they would provide; that Defendants' statements were either known to be false or Defendants made such statements with a reckless disregard for the truth or falsity of the statements; and that Plaintiff is entitled to recover from Defendants the damages he suffered as a result of Defendants' fraud and/or negligent misrepresentations.

The Israni affidavit amplifies upon these allegations by identifying Mr. Murphy, individually and as representative of both Defendants Rhodes and Steves, as having been the individual who met with Plaintiff's representative, Mr. Israni; that it was therefore Mr. Murphy who learned of Plaintiff's need for insurance, the particulars of Plaintiff's prior litigation that Plaintiff feared might recur, and that Plaintiff would purchase a policy only if it fully provided coverage and a defense to the anticipated recurrence of that ligitation; that Mr. Murphy during the next two weeks was the individual who assured Plaintiff, not in statements of opinion but in statements of fact, that the Scottsdale policy contained defense provisions to cover the litigation risks for which Plaintiff requested coverage; and that Plaintiff purchased the Scottsdale policy in reliance on Mr. Murphy's representations, which were false, misleading, and deceptive, and were the cause of Plaintiff's damages.  The affidavit essentially amplifies upon fraud claims already alleged in the Petition and does not present new causes of

action or theories not raised in the petition that was filed in state court. *See* Griggs, 181 F.3d 694 at 700. Accordingly, the Motion to Strike will be denied.

B.  Motion to Remand

Scottsdale argues that the Agency Defendants are improperly joined because Plaintiff cannot sustain a viable cause of action against them. Plaintiff responds that, "[a]t the very least," it can establish an actionable fraud claim.[1] To establish a fraud claim under Texas law, the plaintiff must prove that: (1) a material misrepresentation was made; (2) it was false when made; (3) the speaker knew that it was false; (4) the speaker made it with the intent that it should be acted upon; and (5) the party acted in reliance and suffered injury as a result. Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc., 88 F.3d 347, 359 (5th Cir. 1996). *See also* Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998). To be actionable, the misrepresentation must be "one concerning a material fact; a pure expression of opinion will not support an action for fraud." Clardy, 88 F.3d at 359 (quoting Transport Ins. Co. v. Faircloth, 898 S.W.2d 269, 276 (Tex. 1995)). However, an opinion may constitute fraud if the

---

[1] The parties dispute whether Plaintiff's other claims against the Agency Defendants are barred by limitations. Thus, Plaintiff focuses its reply on the fraud claim, which is governed by a four-year limitations period and is "unequivocally timely asserted." *See* Document No. 18 at 1 n.1.

speaker knows that it is false. Id. Moreover, a party may maintain a fraud action when a speaker purports to have special knowledge of facts that will occur in the future, or does have superior knowledge of the facts--for example, when the facts underlying the opinion are not equally available to both parties. *See* id.; Paull v. Capital Res. Mgmt., Inc., 987 S.W.2d 214, 219 (Tex. App.--Austin 1999, rev. denied). *See also* Trenholm v. Ratcliff, 646 S.W.2d 927, 930 (Tex. 1983).

Plaintiff's allegations against the Agency Defendants, as clarified by Visrani's affidavit, are as follows. Plaintiff alleges that in February, 2003, Visrani met with Murphy, the representative of the Agency Defendants, and informed the Agency Defendants that Plaintiff had been engaged in litigation with a competitor, Singh, over trademark rights and the domain name www.testmasters.com. *See* Document No. 13 ex. A ¶ 8. Plaintiff "made it clear that it wanted a policy that would provide a defense in litigation involving the same or similar claims." Document No. 1 ex. A ¶ 4.2. Over the next two weeks, the Agency Defendants allegedly gave "repeated assurances" that the policy would provide a defense to such claims, and that Plaintiff would not have to pay for the costs of its own defense if litigation was brought. Id. ¶ 4.3; Document No. 13 ex. A ¶ 9. In reliance on these representations, Plaintiff purchased the Scottsdale policy. Plaintiff alleges that the Agency Defendants' statements were either known to be false or were made

with reckless disregard for the truth.  Document No. 1 ex. A ¶ 5.2. Moreover, Plaintiff contends that the Agency Defendants were "in a better position to know" if Scottsdale would offer coverage under these policy provisions, and they "represented that they knew there was coverage."  Document No. 13 ex. A ¶ 18.  Ultimately, Singh again sued Plaintiff, and Scottsdale "took the position that the policy and its provisions did not give rise to a duty to defend," which caused Plaintiff to pay its own considerable legal fees.  *See* id. ¶¶ 11-12, 16.  Plaintiff contends that it "sustained damages because of its reliance" on the Agency Defendants' "false, misleading, and deceptive" representations.  Id. ¶ 17.  These allegations, if proved, appear sufficient to state a claim against the Agency Defendants for fraud under Texas law.  *Cf.* Gonzalez v. Allstate Tex. Lloyd's, No.Civ.A. B-05-23, 2005 WL 1155143, at *5 (S.D. Tex. May 5, 2005) (homeowner stated common law fraud claim against insurance agent who misrepresented a policy term and plaintiff relied on representation to his detriment).

Scottsdale argues that any misrepresentation about coverage constitutes an opinion and cannot support a cause of action for fraud.  Scottsdale cites Sohmer, 2002 WL 31323763, at *2, for the proposition that "[a]n insurance agent's statement that a policy will protect an insured is generally an expression of opinion, and opinion alone is not sufficient to support an action for fraud or misrepresentation."  *See* id.  In Sohmer, the court distinguished

9

between "general statement[s] about the policy's coverage," which are insufficient to state a claim for negligent misrepresentation, and misrepresentations about "specific policy terms prior to a loss," which may be actionable. *See* id. at *2-*3 (finding plaintiffs' allegations insufficient where they "ple[d] nothing more than that a Southwest agent made a general statement about the policy's coverage").  Plaintiff, by contrast, alleges that the Agency Defendants misrepresented specific policy terms related to the coverage of defense costs for certain litigation, upon which Plaintiff relied to its detriment.  These allegations rise above general statements about policy coverage.  In sum, Plaintiff has pled that the Agency Defendants in their statements regarding the policy's coverage of a particular risk, namely, defense costs for a lawsuit of the type that Plaintiff had previously had and for which he specifically sought new coverage, misrepresented to Plaintiff as a fact that the policy did provide such coverage and thereby fraudulently induced Plaintiff to purchase the policy.  Scottsdale has not carried the heavy burden of showing improper joinder of the Agency Defendants, and this action will therefore be remanded pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.

C.  <u>Attorney's Fees</u>

The arguable basis for Defendant's Notice of Removal is not so unreasonable as to warrant shifting to Defendant the costs and expenses, including attorney's fees, incurred by Plaintiff.  *See* 28 U.S.C. § 1447(c).  Plaintiff's request for costs and expenses is therefore denied.

## IV. <u>Order</u>

For the foregoing reasons, it is

ORDERED that Plaintiffs' Motion to Remand (Document No. 13) is GRANTED, and this case is REMANDED to the 190th Judicial District Court of Harris County, Texas.

The Clerk will mail a certified copy of this Order to Clerk of the 190th Judicial District Court of Harris County, Texas as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 8th day of August, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE